IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE BERNARD RUNNELS, #680994 | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-0024-P-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 1994, after being found competent to stand trial, Petitioner was convicted of murder and attempted murder, and was sentenced to fifty and nineteen years' imprisonment, respectively.  *State v. Runnels*, Nos. F-9402243 and F-9366194 (194th Judicial District Court, Dallas County, Jul. 29, 1994), *aff'd*, Nos. 03-94-00556-CR and 3-94-00557-CR (Tex. App.—Dallas, Nov. 15, 1995, pet. ref'd).  Petitioner unsuccessfully sought state habeas relief.  *See Ex Parte Runnels*, No. WR-50,256-01 (Tex. Crim. App. Nov. 14, 2001) (denying state habeas relief).[1]  On December 26, 2013, nineteen years after he was first convicted, Petitioner filed this

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

federal petition challenging his convictions. [Doc. 3 at 2]. Relying on the Universal Declaration of Human Rights (UDHR), he asserts ineffective assistance of counsel at trial and on direct appeal, claims his mental retardation rendered the criminal proceedings unlawful, and contends the trial court erred in denying his motion for a mistrial. [Doc. 3 at 6-7].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999). As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 6, Doc. 12]. In his response and supplemental response, Petitioner claims actual innocence relying on the United State Supreme Court's decision in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013). [Doc. 6 at 2; Doc. 12 at 1-5]. He asserts that before *McQuiggin,* "there was no way for Petitioner's actual innocence claim to proceed." [Doc. 6 at 3].

Petitioner's federal petition is clearly timed barred. His convictions became final under section 2244(d)(1)(A) on July 2, 1996 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on April 3, 1996. *See* Sup. Ct. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Moreover, subsections (B) through (D) of section 2244(d)(1) are inapplicable here. Petitioner alleges no state-created impediment that prevented timely filing of the claims, does not base his grounds for relief on any new constitutional right, and the facts supporting his grounds for relief became or could have become known prior to the date on which the convictions became final. Furthermore, Petitioner cites no authority in support

of his assertion that the one-year limitations period does "not apply to Universal Declaration of Human Rights claims," and the Court has found none.  [Doc. 3 at 9].

Petitioner's actual innocence claim is equally unavailing.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare."  *McQuiggin v. Perkins, — – U.S. ——, 133 S. Ct. 1924, 1928 (2013)*.  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner presents no newly-discovered evidence that would undermine this Court's confidence regarding the jury's finding of guilt.  Relying on excerpts from the pre-trial hearing transcript, he only challenges the voluntariness of his confession, asserting the police spent over three hours questioning him, without "recordings of any kind," threatening and intimidating him into signing the confession.  [Doc. 12 at 3, 5].  He also maintains that there is a discrepancy between the time the report of shooting in question was logged in by the police and the time the officer stated that he saw Petitioner.  [Doc. 12 at 4].  Based on these allegations, the "actual innocence" exception is not applicable to this case, and the federal petition should be dismissed as time barred.  *Perkins*, 133 S. Ct. at 1936 (the actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

Likewise, Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling.[2] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

---

[2] While Petitioner mentions that he is mentally incompetent (has the mental age of a 10 ½ year old), he has not asserted that as a basis for equitable tolling. In any event, the record reflects that a psychiatrist concluded that Petitioner suffered from mild mental retardation and found him competent to stand trial. See Electronic state habeas court record, *Ex Parte Runnels*, No. WR-50,256-01 at 65-66.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED July 11, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE