IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE BERNARD RUNNELS, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | No. 3:14-CV-0024-P-BK |
| | § | |
| WILLIAM STEPHENS, DIRECTOR, | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  Petitioner filed *pro se* objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

The Magistrate Judge recommended dismissing the federal petition as time barred because his conviction became final in July 1996 and Petitioner did not support his actual innocence claim with any newly-discovered evidence that would undermine the Court's confidence regarding the jury's finding of guilt.  In his objections, Petitioner generally claims that the limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") is not a valid law, that it is unconstitutional, and that it violates the Universal Declaration of Human Rights.  [Doc. 18 at 2].  However, the AEDPA one-year statute of limitations has withstood numerous constitutional challenges.  For example, the AEDPA's one-year limitations period does not unconstitutionally suspend the writ of habeas corpus.  *Turner v. Johnson,* 177 F.3d 390, 392-393 (5th Cir. 1999) (per curiam) (citing *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998)); *see also Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003-1004 (9th Cir. 2000).  Nor do the provisions of the AEDPA violate the *Ex Post*

*Facto Clause*. *Seymour v. Walker,* 224 F.3d 542, 560 (6th Cir. 2000); *Libby v. Magnusson,* 177 F.3d 43, 46-47 (1st Cir. 1999). Moreover, while the one-year limitations period might raise constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, that is not the case here, as addressed in the Magistrate Judge's recommendation. [Doc. 14 at 3]. Lastly, the Universal Declaration of Human Rights (an international law) creates no form of relief enforceable in federal habeas proceedings in the United States.

Accordingly, Petitioner's objections are overruled and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED the petition for writ of habeas corpus under 28 U.S.C. § 2254 is summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or

    If petitioner files a notice of appeal,

    (**X**) petitioner may proceed *in forma pauperis* on appeal.

    ( ) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 29th day of September, 2014.

                                             */s/ Jorge A. Solis*
                                             JORGE A. SOLIS
                                             UNITED STATES DISTRICT JUDGE

---

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.